UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **LEONARD W. YANDLE** | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| v. | ] | No. 3:12-1051 |
| | ] | Judge Campbell |
| **SONNY WEATHERFORD, et al.** | ] | |
|     **Defendants.** | ] | |


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Sonny Weatherford, Sheriff of Sumner County, and Southern Health Partners, a contract provider of health care services to the Sumner County Jail, seeking injunctive relief and damages.

The plaintiff challenges conditions of his confinement. More specifically, he claims that medical care at the Sumner County Jail is inadequate. In addition, he alleges that inmates are charged for medical services that are not provided, that inmates have no access to a law library, and that conditions are generally unsanitary.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent,

Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Sumner County, the municipal entity that operates the Sumner County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent, the Sumner County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Sumner County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                           */s/ Todd Campbell*
                                           Todd Campbell
                                           United States District Judge